## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SALIK N. ABDULLAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:16-CV-00920-NJR-DGW |
| | ) | |
| VIPEN SHAH, MARK SCOTT, | ) | |
| JACQUELINE LASHBROOK, and | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 103), which recommends granting the Motion for Summary Judgment filed by Defendant Mark Scott (Doc. 66) and denying the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Illinois Department of Corrections (IDOC) and Jacqueline Lashbrook (Doc. 71). For the reasons explained below, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation in its entirety.

Plaintiff Salik Abdullah, an inmate in the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 alleging staff at Pinckneyville Correctional Center violated his constitutional rights. After an initial screening of his complaint pursuant to 28 U.S.C. § 1915A, Abdullah was permitted to proceed on three counts:

**COUNT 1:** Starting in 2015 or before and ending in early 2016 or late 2015, Dr. Shah failed to properly treat Abdullah's arthritis, eye, and blood related conditions in violation of Abdullah's Eighth Amendment rights.

**COUNT 2:** In 2016, Dr. Scott failed to properly treat Abdullah's arthritis and blood-related conditions, in violation of Abdullah's Eighth Amendment rights.

**COUNT 7:** The Illinois Department of Corrections violated Abdullah's rights under the Americans with Disabilities Act and the Rehabilitation Act by depriving him of access to his glasses and depriving him of access to a "one-man shower."

On April 24, 2017, Defendant Dr. Scott filed a motion for summary judgment for failure to exhaust administrative remedies (Doc. 66). On April 24, 2017, Defendants IDOC and Lashbrook also filed a motion for summary judgment on the issue of exhaustion (Doc. 71).[1] Abdullah responded to both motions on May 30, 2017 (Docs. 83, 84). Magistrate Judge Wilkerson held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on July 11, 2017 (Doc. 100), and subsequently issued the Report and Recommendation currently before the Court (Doc. 109). Objections to the Report and Recommendation were due February 23, 2018. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B),(C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not

---

[1] Defendant Dr. Shah did not file a motion related to exhaustion, as the parties do not dispute that Abdullah exhausted his administrative remedies as to Dr. Shah.

conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While a *de novo* review is not required here, the Court has carefully reviewed the evidence and Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.

With regard to Abdullah's claims in Count 2 against Dr. Scott, Abdullah argues that the grievances he filed against Dr. Shah, six months prior to Dr. Scott arriving at Pinckneyville, are sufficient to exhaust as to Dr. Scott because his medical condition was an "ongoing violation." The Court agrees with Magistrate Judge Wilkerson, however, that Abdullah's grievances complaining about Dr. Shah could not have alerted the prison to his dissatisfaction with Dr. Scott's treatment. As Magistrate Judge Wilkerson explained, Abdullah's grievances regarding Dr. Shah were specific to his interactions with that doctor and the treatment he provided. Once Dr. Scott began treating Abdullah, he reevaluated Abdullah's conditions and ordered different treatments. Thus, Abdullah's grievances regarding Dr. Shah could not have provided prison officials at Pinckneyville with an opportunity to address Abdullah's complaints as to Dr. Scott. Those grievances, therefore, are insufficient to exhaust Abdullah's administrative remedies with regard to his claims against Dr. Scott in Count 2.

While this conclusion would normally require dismissal of Dr. Scott from this lawsuit, after the Motion for Summary Judgment was filed, but before the Report and Recommendation was entered, Magistrate Judge Wilkerson granted Abdullah leave to file an amended complaint (Doc. 108). The amended complaint (Doc. 110), raises new claims against Dr. Scott, namely, that Dr. Scott failed to inform Abdullah of his September 5, 2016 EKG results and to refer him to a cardiac specialist.[2] Defendants will have the opportunity to demonstrate that Abdullah did not exhaust his administrative remedies with regard to these new claims. In the meantime, however, Dr. Scott remains a Defendant in this lawsuit.

The Court further agrees with Magistrate Judge Wilkerson's conclusions regarding Abdullah's "one-man shower" claim in Count 7. Abdullah sufficiently exhausted this October 17, 2011 grievance when his appeal to the ARB was denied. To the extent this claim is raised in the amended complaint, it may be subject to other defenses.

Finally, the Court finds no clear error in Magistrate Judge Wilkerson's conclusion that the administrative process was rendered unavailable when Abdullah attempted to grieve the lack of access to his glasses. While marked as an emergency, Abdullah's grievance was not treated as such at the institutional level, and the ARB required more of Abdullah than that required by the Illinois Administrative Code. Thus, Abdullah is deemed to have exhausted his administrative remedies with regard to his claims in Count 7.

---

[2] The amended complaint also names a new Defendant: Wexford Health Sources, Inc.

Having found no clear error, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 106). The Motion for Summary Judgment filed by Defendant Mark Scott (Doc. 66) is **GRANTED**. The Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Illinois Department of Corrections and Jacqueline Lashbrook (Doc. 71) is **DENIED**. Count 2 is **DISMISSED without prejudice**; however, Defendant Mark Scott shall remain a party to this lawsuit.

**IT IS SO ORDERED.**

**DATED:** **February 28, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**